**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2295-19

GARY GIALLOMBARDO,

    Plaintiff-Appellant,

v.

GEORGE KYRIAK, GOLDGATE
ESTATE DEVELOPMENTS INC.,

    Defendants-Respondents,

and

GERASIMOULA ECONOMOU,
NEWPORT SUNRISE, CORP.,
FAIRGATE ESTATE
DEVELOPMENTS INC.,
BELGATE ESTATE
DEVELOPMENT CORP., INC.,
ACHMA CORP., ALLIED
CONTRACTING II CORP.,

    Defendants.

_____

Submitted February 2, 2021 – Decided May 10, 2021

Before Judges Fisher, Moynihan, and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000166-15.

Law Office of Jarred S. Freeman, LLC, attorneys for appellant (Jarred S. Freeman, on the briefs).

Carmel, Milazzo & Feil, LLP, attorneys for respondents (Michael D. Nacht, on the brief).

PER CURIAM

In this loan-contract dispute, plaintiff appeals an order denying his application for punitive damages and attorneys' fees, which the trial court issued after it had granted plaintiff summary judgment on his breach-of-contract and fraud claims and had conducted a plenary hearing on plaintiff's damages.[1] We reverse the denial of attorneys' fees because the court erred in its interpretation of the contract and remand for a determination of the fee award. We reverse the denial of punitive damages because the denial was conclusory and not sufficiently supported by factual findings, and we remand for further findings consistent with Rule 1:7-4(a).

---

[1] Plaintiff also listed in his notice of appeal a January 10, 2020 order dismissing with prejudice the remaining counts of his complaint but did not address that order in his brief. "An issue that is not briefed is deemed waived on appeal." N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015). Accordingly, we limit our consideration of the appeal to the order denying plaintiff's applications for punitive damages and attorneys' fees.

In a "short term loan/collateral agreement," plaintiff and defendant George Kyriak agreed plaintiff would loan Kyriak $600,000 and Kyriak would pay back "the entire sum within forty five (45) days." Kyriak agreed "his property, located at Continental Towers" would be "held as collateral" by plaintiff and that within four days he would provide plaintiff with "a full and complete abstract of title showing a marketable fee simple title in the party furnishing the abstract." Kyriak also agreed if he did not pay plaintiff the entire sum within forty-five days, he would: "immediately transfer title of the [p]roperty" to plaintiff or someone designated by plaintiff; provide plaintiff with "a duly executed General Warranty Deed in recordable form together with an appropriate affidavit of title at the time of closing"; and be "responsible for including but not limited to attorney fees, recording fees, title charges, and any reasonable costs associated with his breach." Plaintiff and Kyriak executed the agreement.

Title documents demonstrated, contrary to Kyriak's representation, the property was owned by Goldgate Estate Developments, Inc. Instead of rescinding the agreement based on Kyriak's misrepresentation about owning the property, plaintiff doubled down and entered into an addendum to the agreement. In the addendum, the parties again agreed the property would be

3

held by plaintiff as collateral. Kyriak acknowledged: the property was "owned in fee simple absolute by Goldgate Estate Developments, Inc."; he was "the sole member of Goldgate and maintain[ed] complete binding authority"; he was "binding Goldgate to the terms of the previously executed agreement between the parties on behalf of Goldgate"; and "this contract" was "binding upon the parties hereto and all who succeed[ed] to their rights and responsibilities." Plaintiff and Kyriak executed the addendum individually; Kyriak also executed it "for Goldgate."

Plaintiff funded the loan. Kyriak failed to pay him back within the contractually-agreed forty-five-day period. Kyriak requested an additional fifteen days; plaintiff granted his request. When Kyriak failed to repay the loan after the additional fifteen days had passed, plaintiff requested the property be transferred to him. Kyriak advised plaintiff he did not own the property or Goldgate and did not have the power to transfer the property.

Plaintiff filed this lawsuit. Plaintiff subsequently moved for summary judgment on certain counts. Kyriak opposed the motion, claiming he had not signed the agreement. He did not dispute the material facts asserted by plaintiff. The court conducted a plenary hearing limited to the issue of whether Kyriak had signed the agreement and ultimately issued an order granting plaintiff's

4

motion as to plaintiff's breach-of-contract, fraud, and conspiracy claims and denying it as to the negligence and conversion claims.[2]  The court ordered Kyriak and Goldgate to transfer the property to plaintiff within thirty days.

Defendants moved for reconsideration.  Kyriak argued he did not own the property or Goldgate and asserted he had paid plaintiff back the money he owed him.  The court granted the motion, vacated its prior order, and held plaintiff was entitled to recover reasonable attorneys' fees in connection with the summary-judgment motion submissions and proceedings.

Plaintiff again moved for summary judgment as to his breach-of-contract, fraud, conspiracy, negligence, and conversion claims.  The court granted the motion as to the breach-of-contract and fraud claims and denied it as to the remaining claims.  The court denied plaintiff's request for specific performance and, instead, ordered the sale of the property "to satisfy the debt and any damages which [p]laintiff may have incurred."  The court also stated it would conduct a hearing "to ascertain what damages [p]laintiff has incurred."

After conducting a plenary hearing, the court issued an order and written opinion, awarding plaintiff $600,000 plus interest and denying plaintiff's

---

[2]  Plaintiff had withdrawn his promissory-estoppel, unjust-enrichment, federal RICO, New Jersey RICO, and discovery-interference claims.

application for compensatory and punitive damages and attorneys' fees. The court found plaintiff's testimony regarding his alleged damages "wholly lacked credibility" and "did not make logical sense." The court concluded it had "no reason to give credibility to [p]laintiff's claims for damages in this matter."

The court rejected plaintiff's argument that pursuant to N.J.S.A. 2A:15-5.12(4)(a) and -5.14, he was entitled to $5,257,139 in punitive damages, five times the amount of his alleged compensatory damages. Contrary to plaintiff's assertion that summary judgment in his favor on the fraud claim entitled him to punitive damages, the court held that "a finding of fraud does not automatically warrant an award of punitive damages." The court found plaintiff had "failed to prove a wanton and willful disregard for harm to [p]laintiff by his actions by clear and convincing evidence." The court recognized Kyriak had "committed a fraud by his conflicting claims of ownership in the property, in an effort to obtain the loan," but concluded his actions did not "rise to the level of a willful and wanton disregard of harm" to plaintiff.

The court held the agreement "does not clearly provide for attorney fees to be paid upon a breach of the agreement." The court found the clause on which plaintiff relied "clearly references attorney fees in connection with 'recording fees, title charges'" and "goes onto to provide 'and any reasonable costs

6

associated with his breach' but does not specifically identify or provide for attorney fees." Noting plaintiff was represented by an attorney when the parties entered into the agreement and the agreement was prepared by plaintiff's attorney, the court declined to "write a better agreement for the [p]laintiff than was agreed upon by the parties" and denied plaintiff's request for attorneys' fees.

Plaintiff appeals the court's denial of his application for punitive damages and attorneys' fees. Plaintiff argues the plain language of the agreement makes Kyriak responsible for all attorneys' fees arising out of his breach of the agreement and the court erred in its limited reading of the attorney-fee provision of the agreement. Plaintiff also contends common sense dictates he would require payment of his attorneys' fees if he was concerned about whether Kyriak would repay him. Plaintiff argues the court erred in denying his punitive damage application. Plaintiff contends the court, in holding Kyriak had committed fraud by misrepresenting his ownership interest in the property, inherently found intentional conduct sufficient for an award of punitive damages. He also argues Kyriak's knowing misrepresentation to obtain the loan and his post-default conduct constituted wanton disregard for the harm he caused plaintiff. Alleging a history of unlawful conduct, plaintiff contends the harshest punitive-damage award is needed to deter Kyriak from engaging in unlawful behavior and asserts

he should be awarded $3,000,000 in punitive damages, which is five times the loan amount.

In response, Kyriak characterizes plaintiff's appeal as an improper effort to relitigate issues he failed to prove before the trial court and argues plaintiff fails to establish the trial court abused its discretion. He contends plaintiff's punitive-damage argument, which is premised on Kyriak's alleged wanton disregard, is baseless because the trial court found plaintiff had failed to prove wanton and willful disregard. Kyriak also disputes plaintiff's contention that the intentional act in a fraud claim entitles every plaintiff in a fraud case to punitive damages. Kyriak asserts the attorney-fee provision of the agreement "seems to apply only to those costs and fees associated with the potential transfer of the [p]roperty" and the agreement does not call for the payment of fees in the event of litigation.

"The decision to award or deny punitive damages . . . and attorney's fees rests within the sound discretion of the trial court." Maudsley v. State, 357 N.J. Super. 560, 590 (App. Div. 2003). A court's factual findings made following a bench trial are accorded deference and will be left undisturbed as long as they are supported by substantial credible evidence. Reilly v. Weiss, 406 N.J. Super. 71, 77 (App. Div. 2009); see also State v. Barone, 147 N.J. 599, 615 (1997)

A-2295-19

(noting appellate courts "do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence").  A fee award based on a mistaken application of law is not entitled to any special deference; we review de novo legal issues raised in a fee application.  Brunt v. Bd. of Trs., Police & Firemen's Ret. Sys. in Div. of Pensions & Benefits, 455 N.J Super. 357, 363 (App. Div. 2018).  We review de novo contract interpretation, which is a question of law.  Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 612 (2020).

Although New Jersey generally disfavors shifting attorneys' fees, a trial court may award fees if the parties' contract expressly provides for a fee award. Brunt, 455 N.J Super. at 363.  "When the fee-shifting is controlled by a contractual provision, the provision should be strictly construed in light of our general policy disfavoring the award of attorneys' fees."  Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 385 (2009).

In interpreting a contract, a court should discern and implement the intentions of the parties.  Quinn v. Quinn, 225 N.J. 34, 45 (2016).  "The plain language of the contract is the cornerstone of the interpretive inquiry."  Barila, 241 N.J. at 616.  Courts should read contracts "as a whole in a fair and common sense manner."  Hardy ex rel. Dowdell v. Abdul-Matin, 198 N.J. 95, 103 (2009).

"[W]hen the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result." Quinn, 225 N.J. at 45.

We disagree with the trial court's restrictive interpretation of the fee provision of the agreement and its conclusion that the fee provision was limited to fees incurred in connection with "recording fees, title charges." The provision at issue spells out the consequences of a default. The plain language of that provision states if he defaulted, Kyriak would be responsible for "attorney fees, recording fees, title charges, and any reasonable costs associated with his breach." The phrase "attorney fees" is not modified by or linked to "recording fees, title charges" but is the first in a list of four financial encumbrances "associated with his breach." If the parties, both of whom had "access to independent legal counsel of their own choosing in connection with entering into this agreement," wanted to limit Kyriak's fee obligation to fees connected to "recording fees" and "title charges," they would have said so rather than agreeing he would be responsible for a list of items separated by commas. Even applying "our general policy disfavoring the award of attorneys' fees," Litton Indus., Inc., 200 N.J. at 385, the language of the agreement's fee-provision is clear and unambiguous. In its summary-judgment decision, the court found

Kyriak had breached the agreement. As he agreed, Kyriak is responsible for the attorneys' fees plaintiff incurred as a result of his breach.[3]

We reverse the court's denial of plaintiff's fee application and remand for a determination of the fee award consistent with Rendine v. Pantzer, 141 N.J. 292 (1995).

The Punitive Damages Act, N.J.S.A. 2A:15-5.9 to -5.17 (the PDA), provides, in relevant part, punitive damages may be awarded:

> only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.
>
> [N.J.S.A. 2A:15-5.12(a).]

In determining whether to award punitive damages, the trier of fact "shall" consider the following factors:

> (1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct;

---

[3] Defendant's reliance on McGuire v. City of Jersey City, 125 N.J. 310 (1991), is misplaced. In McGuire the Court found the lease agreement at issue mentioned fees only in connection with the reletting of the premises in the event of default. Id. at 327. Here, the fee language is part of a broader provision addressing the financial consequences of defendant's breach.

(2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct;

(3) The conduct of the defendant upon learning that its initial conduct would likely cause harm; and

(4) The duration of the conduct or any concealment of it by the defendant.

[N.J.S.A. 2A:15-5.12(b).]

Punitive damages "are awarded as punishment or deterrence for particularly egregious conduct" and "must be reserved for special circumstances." Maudsley, 357 N.J. Super. at 590-91. A plaintiff establishes egregiousness by proving "an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and willful disregard of the rights of another." Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 49 (1984); see also Quinlan v. Curtiss-Wright Corp., 204 N.J. 239, 274 (2010). The Legislature defined "wanton and willful disregard" as "a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." N.J.S.A. 2A:15-5.10.

Plaintiff argues the court's finding of fraud in his summary-judgment motion established he met by clear and convincing evidence the "wanton and

A-2295-19

willful disregard" standard. That argument would render any successful plaintiff in a fraud case entitled to punitive damages and would be contrary to the requirement that punitive damages "be reserved for special circumstances." Maudsley, 357 N.J. Super. at 590-91. Although our Supreme Court has noted punitive damages may be "especially fitting" in legal-fraud cases, Nappe, 97 N.J. at 50, neither the Court[4] nor the Legislature has determined that punitive damages must be awarded in every fraud case. Although "[e]very fraud is reprehensible, . . . not every fraud . . . warrants punitive damages." Jugan v. Friedman, 275 N.J. Super. 556, 572 (App. Div. 1994); see also Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1020, 1034 (D.N.J. 1995) ("Fraud, standing alone, without some additional aggravating element, will not sustain a claim for punitive damages.").

The trial court determined this fraud case did not warrant punitive damages but did not state the factual findings supporting its conclusion, see R. 1:7-4(a), and addressed only one of the elements of N.J.S.A. 2A:15-5.12(b). In a conclusory fashion, the court found plaintiff had failed to prove a wanton and willful disregard but did not explain its reasons for that finding. Similarly, the

---

[4] See Nappe, 97 N.J. at 61 n.3 (O'Hern, J., concurring) (noting "the Court shies away from adopting a rule that in cases of fraud, punitive damages may always be awarded").

court stated its conclusion of insufficient evidence of a likelihood of serious harm from Kyriak's conduct, the first consideration of N.J.S.A. 2A:15-5.12(b), but did not explain that conclusion and did not address the other three required statutory considerations. Neither the parties nor a reviewing court should be left to speculate as to the trial court's reasons for its decision, especially in a case in which the court found defendant had committed fraud. See Gnall v. Gnall, 222 N.J. 414, 428 (2015) (finding a trial court is required to correlate its legal conclusions with clearly stated factual findings). Accordingly, we reverse and remand for further findings consistent with Rule 1:7-4(a).

Reversed as to the denial of punitive damages and remanded for further findings consistent with Rule 1:7-4(a); reversed as to the denial of attorneys' fees and remanded for a determination of the amount of the fee award consistent with Rendine, 141 N.J. 292. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2295-19